**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3305-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMEEL N. JONES,
a/k/a NAIM MCKINLEY,
MARVIN CAMPBELL,
JAMIL JONES,
JAMIL N. MCKINLEY,
and JAMIL WILLIAMS,

      Defendant-Appellant.

_____

Submitted November 5, 2025 – Decided November 26, 2025

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-09-2827.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Brian Plunkett, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the April 19, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in a three-count indictment with first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count two); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three). The charges stemmed from a fatal shooting that occurred outside a liquor store on June 7, 2018. Defendant entered a negotiated guilty plea to count one, as amended to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and count two. He was sentenced to an aggregate term of fifteen years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

We affirmed defendant's convictions and sentence in an unpublished decision, and the Supreme Court denied certification. State v. Jones, A-2238-19 (App. Div. Sep. 23, 2022), certif. denied, 252 N.J. 535 (2023). In our opinion, we summarized the procedural history as follows:

A-3305-23

Once defendant became a suspect in the investigation, he was arrested on two outstanding municipal court warrants, advised by homicide detectives that he was going to be questioned regarding the homicide, and given Miranda[1] warnings. Defendant waived his rights, ultimately gave an incriminating statement, and subsequently opposed the State's motion to admit the statement at trial. After the trial judge granted the State's motion to admit the statement, defendant pled guilty pursuant to a plea agreement and was sentenced in accordance with its terms.

[Jones, slip op. at 2-3.]

On appeal, defendant challenged the trial court's Miranda ruling. In rejecting the challenge, we held the trial judge's findings of fact were "supported by sufficient credible evidence in the record" and "the judge's application of the totality-of-the-circumstances standard to the facts of the case justified finding a valid waiver and admitting defendant's statement at trial." Id. at 31-32.

We explained:

During the two-and-a-half-hour interrogation, defendant, who had prior experience with the criminal justice system, was read his Miranda rights and waived his rights verbally and in writing. Critically, prior to the waiver colloquy, notwithstanding the fact that defendant had been arrested on "unrelated warrants," [the detective] informed defendant that he was there to be questioned about the June 7, 2018 homicide. There was no requirement for [the detective] to inform defendant that he was a suspect in the homicide

---

1 Miranda v. Arizona, 384 U.S. 436 (1966).

3

investigation and no requirement to inform defendant that he would be charged with the homicide because no complaint-warrant or arrest warrant had been issued for the charge. Additionally, there was no evidence that the detectives threatened defendant, subjected him to mental exhaustion or physical stress, ignored any requests for food, water or bathroom breaks, or acted in any manner to overbear his will.

[Id. at 32.]

We also rejected defendant's argument that in imposing sentence, "the judge should have found mitigating factor seven[, N.J.S.A. 2C:44-1(b)(7),] because he 'led a law-abiding life for eleven years before the present offense.'" Jones, slip op. at 37. Citing "defendant's prior criminal history," we "discern[ed] no abuse of discretion in the judge's sentencing decision." Ibid.

In his timely PCR petition, which was later supplemented by assigned counsel, defendant alleged his trial counsel was ineffective by failing to present evidence to support mitigating factor seven at sentencing, and his appellate counsel was ineffective by failing to argue that his Miranda waiver was invalid under a totality-of-the-circumstances analysis. Defendant asserted appellate counsel erroneously relied on our decision in State v. Sims, 466 N.J. Super. 346 (App. Div. 2021), which was later overturned by our Supreme Court in State v. Sims, 250 N.J. 189 (2022).

A-3305-23

After conducting oral argument, the PCR judge denied defendant's petition in an April 19, 2024 order. In a supporting written decision, the judge found defendant failed to make "a prima facie showing of ineffective assistance [of counsel (IAC)] as to either of his claims and thus [was] not entitled to an evidentiary hearing."

Specifically, as to the <u>Miranda</u> ruling, the PCR judge found our decision on direct appeal concluding the totality-of-the-circumstances standard justified finding a valid waiver obviated any finding that defendant "suffered prejudice" by any "dereliction" in appellate counsel's performance.[2] As to the sentencing argument, the judge found defendant failed to establish either deficient performance or prejudice.

The judge explained:

> At sentencing, trial counsel argued for mitigation by noting [d]efendant's intense feelings of remorse, [d]efendant's "seven children who are going to be without their father for a very significant amount of time," and the "substantial amount of time" that had passed between his 2007 case, which resolved in 2009, and the homicide. The [c]ourt also noted his employment history in construction and, according to the [pre-sentence investigation], that he reported that he was not the primary caregiver of his children.

---

[2] The judge also found that defendant's argument was procedurally barred under <u>Rule</u> 3:22-5, providing that a prior adjudication on the merits is conclusive.

A-3305-23

Nevertheless, even if the [c]ourt was persuaded that [counsel's] failure to more specifically elaborate upon [defendant's] employment history and purported status as a provider for his family was objectively subpar, . . . this failure certainly did not prejudice [defendant]. . . . As the [c]ourt noted at sentencing, [d]efendant posed a high risk of re-offense—he was "arrested many times, convicted many times"—and there was no available evidence to detract from that risk; his record was lengthy and replete with serious offenses; and there was a weighty need to deter [defendant] and others from violating the law given the severity of his crime and the effect it had on the family of the victim and the community at-large.

This appeal followed.

On appeal, defendant reprises the arguments rejected by the PCR judge as follows:

> THE PCR COURT ERRED IN DENYING RELIEF ON [DEFENDANT'S] CLAIM THAT APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ARGUE THAT [DEFENDANT'S] MIRANDA WAIVER WAS INVALID UNDER A TOTALITY-OF-THE-CIRCUMSTANCES ANALYSIS, THE LONG STANDING TEST FOR ADMISSIBILITY, AND INSTEAD RELIED UPON A RULING OF THIS COURT LATER OVERTURNED, LEAVING [DEFENDANT] WITHOUT ANY ARGUMENT ON APPEAL WHEN A STRONG TOTALITY ARGUMENT WAS AVAILABLE BUT NEVER DEVELOPED; AND ON HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PRESENT EVIDENCE OR STRONG ARGUMENT IN FAVOR OF MITIGATING FACTORS.

6

We begin by setting out the guideposts that inform our review. "We review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), but "review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing," State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see also R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory[,] or speculative"). Indeed, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need

7

not be granted." Brewster, 429 N.J. Super. at 401 (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions").

"To establish a prima facie case, [a] defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). Moreover, a defendant must make this showing "by a preponderance of the credible evidence." State v. Goodwin, 173 N.J. 583, 593 (2002).

Rule 3:22-2 recognizes five cognizable grounds for PCR, including a "[s]ubstantial denial in the conviction proceedings of [a] defendant's [constitutional] rights," R. 3:22-2(a), which encompasses the Sixth Amendment right to the effective assistance of counsel at issue in this appeal, State v. Nash, 212 N.J. 518, 541-42 (2013). To establish a prima facie claim of IAC as contemplated under Rule 3:22-2(a), a defendant must demonstrate that the performance of counsel fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been

different without the purported deficient performance. <u>Nash</u>, 212 N.J. at 541-42. Stated differently, a defendant must show: "(1) 'counsel's performance was deficient'; and (2) 'the deficient performance prejudiced the defense.'" <u>State v. Vanness</u>, 474 N.J. Super. 609, 623 (App. Div. 2023) (quoting <u>Strickland</u>, 466 U.S. at 687).

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88. "[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." <u>Id.</u> at 689. As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Ibid.</u> (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).

To be sure, "failure to present mitigating evidence or argue for mitigating factors" at sentencing, "even within the confines of [a] plea agreement," may support a claim of IAC. <u>State v. Hess</u>, 207 N.J. 123, 154 (2011). Still, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take

account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. For that reason, "[t]he quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006). "The test is not whether defense counsel could have done better, but whether he [or she] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543.

To satisfy the second Strickland/Fritz prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original)

(quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).  That determination should be "based on evidence, not speculation," ibid., and "[s]olemn declarations in open court carry a strong presumption of verity," State v. Simon, 161 N.J. 416, 444 (1999) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

A defendant is also entitled to effective assistance of appellate counsel, but "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant."  State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745 (1983)).  As with trial counsel, to establish a prima facie case of ineffective assistance of appellate counsel, a defendant must show both "lack of professional competence," and "that but for counsel's unprofessional errors, the result would have been different."  Id. at 551.  However, appellate counsel will not be found ineffective for failure to raise meritless issues or errors an appellate court would deem harmless.  See State v. Echols, 199 N.J. 344, 361 (2009).

A-3305-23

Failure to meet either prong of the two-pronged <u>Strickland</u>/<u>Fritz</u> test results in the denial of a petition for PCR. <u>State v. Parker</u>, 212 N.J. 269, 280 (2012) (citing <u>Echols</u>, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012) (citation omitted) (citing <u>Strickland</u>, 466 U.S. at 697).

Applying these principles, we agree with the PCR judge that defendant failed to establish a prima facie IAC claim, entitling him to relief or an evidentiary hearing, and we affirm for the sound reasons articulated by the judge in his written decision. Focusing on the prejudice prong of the <u>Strickland</u>/<u>Fritz</u> test as we are permitted to do, defendant has not even averred that but for counsel's perceived errors, he would "not have pled guilty and would have insisted on going to trial." <u>DiFrisco</u>, 137 N.J. at 457 (quoting <u>Hill</u>, 474 U.S. at 59). Nor has defendant shown by competent evidence that "a decision to reject the plea bargain would have been rational under the circumstances." <u>State v. O'Donnell</u>, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting <u>Padilla</u>, 559 U.S. at 372).

A-3305-23

Defendant argues appellate counsel was ineffective by "plac[ing] sole reliance" upon the ruling of this court in <u>Sims</u>, "while making no argument addressing the totality of the circumstances." In <u>Sims</u>, this court adopted a new rule, that was later rejected by our Supreme Court, "requiring police officers, prior to interrogation, to inform an arrestee of the charges that will be filed against him, even when no complaint or arrest warrant has been issued identifying those charges." <u>Sims</u>, 250 N.J. at 197 (citing <u>Sims</u>, 466 N.J. Super. at 369). However, as the PCR judge astutely observed, our decision on direct appeal obviated any finding of prejudice.[3]

Defendant further argues plea counsel was ineffective by failing "to introduce evidence or make strong argument" that "Jones had 'led a law-abiding life for a substantial period of time before the commission of the present offense,'" (quoting N.J.S.A. 2C:44-1(b)(7)), and that "his family relied upon him for support." However, as the PCR judge pointed out, defendant's contention is belied by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[3] Based on our decision, we need not address the procedural bar.